**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4178**

———————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

SERGIO PINEDO BENITEZ, a/k/a Rolando Gomez,
a/k/a Rolando Gomez Maldonado,

                                        Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  James A. Beaty, Jr., Chief
District Judge.  (1:06-cr-00247-JAB)

———————

Submitted:  August 3, 2007          Decided:  August 22, 2007

———————

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr.,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant.  Angela Hewlett Miller, OFFICE OF THE UNITED STATES
ATTORNEY, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sergio Pinedo Benitez appeals from his conviction and sixty-five month sentence after pleading guilty to one count of illegal reentry of a deported alien felon, in violation of 8 U.S.C. § 1326(a) & (b)(2) (2000). Benitez's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising the issue of whether Benitez's sentence was reasonable. Benitez was given an opportunity to file a supplemental pro se brief, but has not done so. For the following reasons, we affirm.

This court reviews the imposition of a sentence for reasonableness. United States v. Booker, 543 U.S. 220, 260-61 (2005); United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). After Booker, courts must calculate the appropriate guidelines range, making any appropriate factual findings. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). The court then should consider the resulting advisory guidelines range in conjunction with the factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and determine an appropriate sentence. Davenport, 445 F.3d at 370. This court will affirm a post-Booker sentence if it is reasonable. Hughes, 401 F.3d at 546-47. This court has repeatedly held that a sentence imposed within a properly calculated Guidelines range is presumed reasonable, and the Supreme

Court recently upheld this presumption. <u>See</u> <u>Rita v. United States</u>, 127 S. Ct. 2456 (2007).

The district court properly calculated the guideline range. Specifically, the district court correctly applied a sixteen-level enhancement because Benitez was previously deported after a "crime of violence." <u>U.S. Sentencing Guidelines Manual</u> ("USSG") § 2L1.2(b)(1)(A) (2005). A "crime of violence" explicitly includes robbery. USSG § 2L1.2 cmt. n.1(B)(iii). On June 29, 1995, Benitez was convicted of robbery, and was subsequently ordered deported on August 7, 1995. Thus, because Benitez' prior offense was a crime of violence, the district court did not err in applying the sixteen-level enhancement.

Moreover, the district court treated the Guidelines as advisory, and sentenced Benitez only after considering the Sentencing Guidelines, the § 3553(a) factors, and counsel's arguments. Benitez's sixty-five month sentence is presumptively reasonable, as it is within the appropriate guideline range, and below the twenty-year statutory maximum. <u>See</u> 8 U.S.C. § 1326(b)(2) (2000). As neither Benitez nor the record suggests any information to rebut the presumption, we find that Benitez's sentence is reasonable.

As required by <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that

- 3 -

counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED